# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OWENS,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>DONNELLY,<br><br>　　　　Respondent. | Case No.:12-cv-01084-DLB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION AND DIRECTING CLERK OF COURT TO DISMISS PETITION WITH PREJUDICE AS UNTIMELY<br><br>[Doc. 16] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

## BACKGROUND

Following a jury trial, Petitioner was convicted of assault with a deadly weapon by a prisoner.  Petitioner admitted he suffered two prior strike convictions.  Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life.

On November 23, 2010, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. The California Supreme Court denied review on February 2, 2011.

Petitioner did not file any state post-conviction collateral petitions with respect to the pertinent judgment or claim.

Petitioner constructively filed the instant federal petition for writ of habeas corpus on June 28, 2012.[1]

Respondent filed a motion to dismiss on November 16, 2012. Petitioner filed an opposition on November 30, 2012, and Respondent filed a reply on December 7, 2012.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

---

[1] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on June 28, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, on November 23, 2010, the California Court of Appeal, affirmed the

judgment. Petitioner filed a petition for review with the California Supreme Court, which was denied on February 2, 2011. Thus, direct review became final on May 3, 2011, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. Supreme Court rule 13; Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Therefore, the one year limitations period began on the following day, May 4, 2011, and absent tolling, was set to expire on May 3, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this instance, Petitioner did not file any state post-conviction collateral actions. Accordingly, there is no statutory tolling available, and the limitations period expired on May 3, 2012. Therefore, the instant petition filed on June 28, 2012, fifty-six days after the limitations

period expired, is time-barred and must be dismissed under section 2244(d).  It appears that Petitioner is attempting to argue that a period of thirty to sixty days between a lower court denial and the filing of a habeas petition in a higher court is presumptively reasonable.  (Opp. at 2.)  While it is true tolling is available for the time between state habeas petitions if filed within a reasonable time, Petitioner did not file any such petitions and the limitations period is not tolled for the period between the completion of state review and the filing of an application for post-conviction or other collateral review in federal court.  28 U.S.C. §2244(d)(1); see also Mayle v. Felix, 545 U.S. 644, 644 (2005); Rhines v. Weber, 544 U.S. 269, 271 (2005); Nino v. Galaza, 183 F.3d at 1007.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition is GRANTED;

2. The instant petition for writ of habeas corpus is DISMISSED with prejudice; and

3. The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. at 484.  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:  **December 13, 2012**              /s/ *Dennis L. Beck*
                                                                                     UNITED STATES MAGISTRATE JUDGE